1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| El Rio County Club, LLC;<br>10 October, LLC;<br>MVIP I, LLC;<br>Mohave Valley Commerce Center, LLC;<br>H&H Fortune, Ltd.;<br>John K. Hoover;<br>Deborah Hoover,<br><br>      Plaintiffs,<br><br>vs.<br><br>FDIC, as Receiver for First National Bank of Nevada, successor in interest to First National Bank of Arizona,<br><br>      Defendant. | No. CV 08-8163-PCT-JAT<br><br>**ORDER** |

The Complaint in the case states that federal subject matter jurisdiction is conferred by 12 U.S.C. § 1819 and 28 U.S.C. § 1331.  However, the fact that the FDIC is a party to a case (as a receiver) does not automatically create federal subject matter jurisdiction. *See* 12 U.S.C. § 1819(b)(2)(B); *Destifino v. Kennedy*, 2008 WL 4826070, *1 (E.D. Cal. 2008) (no federal jurisdiction when FDIC "is appointed as receiver exclusively by appointment of state authorities and only interpretation of state law is involved"); *Sarraga v. Girod Vela & Co., Inc.*, 649 F.Supp 11, 14 (D. Puerto Rico 1986) ("it has been consistently held that federal courts do not have jurisdiction in suits brought by or against the FDIC acting in its capacity

1 as receiver of a state bank, and which involve only the rights or obligations of the state bank,
2 its depositors, etc., under state law").
3     Because the Complaint in this case involves only state law claims,
4     IT IS ORDERED that by January 30, 2009, Plaintiff shall file an amended complaint
5 fully alleging federal subject matter jurisdiction or this case will be dismissed without
6 prejudice for lack of federal subject matter jurisdiction.
7     DATED this 9th day of January, 2009.

                                    James A. Teilborg
                                    United States District Judge